UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DORVALL COLEMAN,

        Petitioner,

v.

        CASE NO. 2:20-CV-12084
        HONORABLE VICTORIA A. ROBERTS

MICHELLE FLOYD, WARDEN,[1]

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION (ECF NO. 1), DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

On July 22, 2020, Petitioner Michael Dorvall Coleman, a prisoner currently confined at the Cooper Street Correctional Facility in Jackson, Michigan, filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions on drug and weapons charges. He raises seven grounds for relief. The Court finds that Petitioner's claims do not warrant relief and denies the petition. The Court also denies a certificate of appealability, but grants Petitioner leave to proceed *in forma pauperis* on appeal.

**I.    Background**

An Oakland County Circuit Court jury convicted Petitioner of two counts of possession with intent to deliver less than 50 grams of a controlled substance, Mich. Comp. Laws § 333.7401(2)(a)(iv); one count of felon in possession of a firearm (felon-

---

[1] The caption is amended to reflect the proper respondent, Petitioner's current custodian. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rules Governing § 2254 Case, Rule 2(a), 28 U.S.C. foll. § 2254.

in-possession), Mich. Comp. Laws § 750.224f; and three counts of possession of a firearm during the commission of a felony (felony-firearm), third offense, Mich. Comp. Laws § 750.227b(1). *People v. Coleman*, No. 336663, 2018 WL 6815123, at *1 (Mich. Ct. App. Dec. 27, 2018). Petitioner was sentenced as a fourth-offense habitual offender, Mich. Comp. Laws § 769.12, to concurrent prison terms of nineteen months to twenty years each for the controlled substance and felon-in-possession convictions, to be served consecutively to a ten-year determinate prison term for the felony-firearm convictions. *Id.*

The Michigan Court of Appeals summarized the facts underlying Petitioner's case as follows:

> Defendant's convictions arise from the discovery of cocaine, heroin, and firearms during the execution of a search warrant at an apartment located at 674 Palmer in Pontiac. The police found defendant on the bed in a bedroom of the apartment when they executed the warrant. Baggies containing heroin and crack cocaine were found on a shelf in the bedroom, and two firearms were recovered from in between the mattress and the box spring of the bed. Additionally, there was mail addressed to defendant, as well as other drug paraphernalia, located in the bedroom. Two cell phones were also recovered from the bed's headboard. The phones contained text messages that were consistent with the buying and selling of heroin and crack cocaine.

*Coleman*, 2018 WL 6815123, at *1.

Following his jury trial conviction, Petitioner filed a direct appeal, raising three issues through appointed appellate counsel: (1), the trial court erred in denying his motion for a *Franks* hearing (challenging the basis for the search warrant and seeking to suppress the seized evidence pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978)); (2), his Fourth Amendment rights were violated by the authorization of an overly broad search warrant; and (3), the assessment of over $4,000 in costs and fees created a

2

manifest hardship for Petitioner. Mich. Ct. App. Rec., ECF No. 9-15, PageID.892. In addition, Petitioner filed a "Standard 4" *pro se* brief,[2] in which he challenged the prosecutor's refusal to extend a plea offer, the trial court's refusal to dismiss a biased juror, and the trial court's bias and interest in Petitioner's case. *Id.* at PageID.1070. He also sought to vacate his felony-firearm conviction due to Fourth Amendment violations and insufficiency of the evidence. *Id.* The court of appeals denied relief on all issues and affirmed Petitioner's convictions, *Coleman*, 2018 WL 6815123, at *14, and the Michigan Supreme Court denied leave to appeal. *People v. Coleman*, 504 Mich. 901, 929 N.W.2d 340, 341 (2019).

This timely habeas petition followed. Petitioner raises the following claims:

I. The trial court erred when it did not hold an evidentiary hearing after [Petitioner] motioned for a *Franks* hearing.

II. Mr. Coleman's right to be free from unreasonable searches and seizures was violated by the authorization of an overly broad search warrant.

III. The assessment of over $4000 in costs and fees creates a manifest hardship for Mr. Coleman. This Court should order that collection of the costs and fees be suspended until Mr. Coleman is paroled, or alternatively, remand to the trial court for a hearing on his ability to pay

IV. The prosecutor abused her discretion by refusing to offer a plea bargain. Coleman was more than willing to enter a plea bargain had an actual bargain been offered.

---

[2] Standard 4 of the Michigan Assigned Counsel rules permits criminal defendants to file a *pro se* brief within 84 days of the filing of their brief on appeal. *See* Mich. Ct. App. IOP 7.212(F)-3 (stating that the administrative order permits "indigent defendants represented by appointed counsel [to] raise issues in [the Michigan appellate courts] that their attorneys decline to raise"). The rules were promulgated by the Michigan Supreme Court in 2004. *See* Admin. Order 2004-6, 471 Mich. cii (2004).

3

- V. Coleman was denied his right to a fair and impartial jury where a biased juror was permitted to remain on the jury and decide the case. This juror was subject to removal for cause.

- VI. The trial court had a strong interest in the outcome of Coleman's case, and the potential for bias was unconstitutionally impermissible. As a result, Coleman was denied his right to a fair trial in a fair tribunal.

- VII. Coleman's conviction for felony firearm must be vacated where: (1) the guns were seized in violation of the Fourth Amendment, and (2) the verdict was against the great weight of the evidence.

Respondent filed an answer to the petition. ECF No. 8. Respondent argues Petitioner procedurally defaulted all but two issues, the denial of a *Franks* hearing and the challenge to a biased juror. *Id.* at PageID.71. She also argues that Petitioner's claims are non-cognizable on habeas review and/or without merit.

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "circumscribe[s]" the standard of review that federal courts apply when considering an application for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Under AEDPA, a federal court may not grant habeas relief to a state prisoner with respect to any claim that has been "adjudicated on the merits in State court proceedings" unless the state-court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted). In addition, factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The federal habeas court's review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Discussion

The Court notes preliminarily that although Respondent argues Petitioner has procedurally defaulted all but two of his claims of error, it is not obligated to address that defense because procedural default is not a jurisdictional bar to review of the merits. *Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir.), *reh'g denied* (July 1, 2020), *cert. denied*, 141 S. Ct. 634 (2020) (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006); *Trest v. Cain*, 522 U.S. 87, 89 (1997))*; see also Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)) ("[F]ederal courts are not required to address a procedural default issue before deciding against the petitioner on the merits[.]") The Sixth Circuit notes its own decisions "may sometimes reach the merits of a petitioner's claim, particularly when the merits are easily resolvable against the petitioner while the procedural issues are complicated." *Smith*, 962 F.3d at 207 (citing *Lambrix*, 520 U.S. at 525); *see also id.* (finding "resolution of the procedural issues . . . not necessary [and] that the claim is better resolved on the merits").

The procedural default analysis will not affect the outcome of this case, and it is more efficient for the Court to proceed directly to the merits of Petitioner's claims.

### A. Fourth Amendment claims generally

It is well settled that the Fourth Amendment prohibits "unreasonable searches and seizures," and that "[a] search is unreasonable 'if it is not conducted pursuant to a warrant issued upon probable cause.'" *Liberty Coins, LLC v. Goodman*, 880 F.3d 274, 280 (6th Cir. 2018) (quoting U.S. Const. amend. IV and citing *Camara v. Municipal Court of City & County of San Francisco*, 387 U.S. 523, 528-29 (1967)). The Fourth Amendment further requires "that a search warrant 'particularly describ[e]' the places law enforcement may search and the things they may seize." *United States v. Castro*,

6

881 F.3d 961, 964 (6th Cir. 2018) (quoting U.S. Const. amend. IV). Search warrants which appear valid on their face may still be challenged if a defendant establishes (1), the affidavit contains intentionally or recklessly false statements, and (2), the affidavit purged of its falsehoods would not be sufficient to support a finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 171–72 (1978).

However, habeas petitioners are generally barred from raising Fourth Amendment claims. *Good v. Berghuis*, 729 F.3d 636, 637 (6th Cir. 2013) (citing *Stone v. Powell*, 428 U.S. 465, 486 (1976)). The bar applies to "prisoners who received 'the opportunity for full and fair consideration' of their claims in state court." *Id.* at 637-38 (citing *Stone*, 428 U.S. at 486). *Stone*'s prohibition requires only the existence of "an available avenue for the prisoner to present his claim to the state courts"; it does not mandate a review of the adequacy of those procedures. *Id.* at 639.

In *Good*, the habeas petitioner presented his suppression motion to the state trial court and the court of appeals. *Id.* at 640. "That suffice[d] to preclude review of the claim through a habeas corpus petition under *Stone v. Powell*." *Id.* Like the petitioner in *Good*, Petitioner raised his Fourth Amendment claim in both the trial and the appellate courts. Petitioner thus had an opportunity for full and fair consideration of his claims.

Pursuant to *Stone v. Powell*, the Court concludes Petitioner is not entitled to relief on any of his Fourth Amendment claims. Nonetheless, in the interest of thoroughness, it briefly addresses the merits of those claims beyond *Stone*'s prohibition.

**B. Trial court's denial of a *Franks* hearing**

Petitioner argues the trial court erred in denying him an evidentiary hearing pursuant to *Franks*, *supra*. The search warrant he challenges was executed on Petitioner's girlfriend's townhouse on Palmer Street in Pontiac. *Coleman*, 2018 WL

7

6815123, at *1. In the bedroom where police found Petitioner, they also discovered "[b]aggies containing heroin and crack cocaine" and drug paraphernalia, two weapons hidden under the mattress of the bed, mail addressed to Petitioner, and two cell phones which "contained text messages that were consistent with the buying and selling of heroin and crack cocaine." *Id.*

The search warrant relied on two controlled drug buys arranged by a confidential informant. In the affidavit supporting the warrant, the law enforcement officer swore that he observed the hand-to-hand drug transactions between the suspect and the informant, and that he saw the black male suspect leave the Palmer Street address, proceed to the pre-arranged location for the transaction, and return to the Palmer Street location. ECF No. 9-15, PageID.783-84. In the earlier of the two purchases, the officer swore he followed the suspect back to the Palmer Street address. *Id.* at PageID.783. The officer also swore that he observed the informant return from the transaction to their meeting location, and that he searched the informant immediately before and after the purchases. *Id.* at PageID.783-84.

Petitioner moved to suppress the evidence before trial. He argued the affidavit's statements were inherently contradictory about what the affiant was physically able to do and observe, which supported an inference that at least one of the statements was false and/or reflected a reckless disregard for the truth. ECF No. 9-15, PageID.901-02. On hearing the motion, the trial court was highly critical of the search warrant, calling it "really problematic" and "the sloppiest affidavit [the court had] ever seen." Mot. Tr., 4/6/16, ECF No. 9-6, PageID.238. Nonetheless, it denied Petitioner's motion and the appellate courts affirmed the lower court's ruling. *Coleman*, 2018 WL 6815123, at *4.

"A defendant who challenges the veracity of statements made in an affidavit that formed the basis for a warrant has a heavy burden." *United States v. Green*, 572 F. App'x 438, 441 (6th Cir. 2014) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). Establishing entitlement to a *Franks* hearing requires a defendant "1) make[] a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit; and 2) prove[] that the false statement or material omission is necessary to the probable cause finding in the affidavit." *United States v. Young*, 847 F.3d 328, 348–49 (6th Cir. 2017) (quoting *United States v. Pirosko*, 787 F.3d 358, 369 (6th Cir. 2015)). The defendant's "allegations must be more than conclusory and must be accompanied with an offer of proof and supporting affidavits[.]" *Id.* (quoting *Bennett*, 905 F.2d at 934).

The *Green* court held that its defendant had not made the necessary "substantial preliminary showing" because he relied on inconsistencies which could be justified by "a litany of reasons." 572 F. App'x at 442. The Michigan Court of Appeals similarly rejected Petitioner's challenge to the affidavit because his theory was "speculative" and "conclusory[,]" and was not supported by an offer of proof. *Coleman*, 2018 WL 6815123, at *4. Rejecting Petitioner's theory of the self-contradicting statements, the court found it "conceivable" that the affiant officer could have positioned himself where he was able to observe all the actions and locations to which he testified. *Id.* It held the standard for a *Franks* hearing had not been met. *Id.*

Because he had an opportunity for a full and fair consideration of this issue, Petitioner is not entitled to relief. *Stone v. Powell*, 428 U.S. at 486. Even if Petitioner had

9

been denied the opportunity for that consideration, his *Franks* claim is without merit for his failure to provide an offer of proof.

### C. Overly broad search warrant

Petitioner next argues that the search warrant was overly broad and violated the Fourth Amendment's requirement of "particularity" because it authorized law enforcement to search for cellphones without limiting the search to a narrowing term "such as 'cell phones used in drug transactions. . .'" ECF No. 1, PageID.17. The state court of appeals disagreed. It noted Petitioner cited only the second paragraph of the search warrant without acknowledging the first paragraph contained the limiting language he argued was lacking. *Coleman*, 2018 WL 6815123, at *7. It also cited Sixth Circuit precedent which turned back a similar challenge. *Id.* (citing *United States v. Bass*, 785 F.3d 1043, 1049-1050 (6th Cir. 2015)). *Bass* reasoned that law enforcement officers would not know which applications contained records that would be evidence of criminal activity, and therefore, a search warrant's failure to name "particular applications on electronic devices did not make it overbroad." *Id.*

The Court reviewed the record, including the search warrant and pertinent law. The state court of appeals made a reasonable determination of the facts, and its legal findings were neither unreasonable nor contrary to Supreme Court precedent. Petitioner is not entitled to habeas relief.

### D. Excessive costs and fees order creating a manifest hardship

Petitioner argues next that he was ordered to pay over $4,000 in fees and costs, and that this sum presents a "manifest hardship." He seeks the suspension of collection of those costs, or for a hearing in the trial court on his ability to pay. The Court is without jurisdiction to hear this claim and it is dismissed.

"Under § 2254, subject matter jurisdiction exists 'only for claims that a person 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Washington v. McQuiggin*, 529 F. App'x 766, 772 (6th Cir. 2013) (quoting *Dickerson v. United States*, 530 U.S. 428, 439 n. 3 (2000)). Fines, restitution orders, attorney's fees or other costs do not meet the "in custody" requirement. *Id.* (citations omitted). "[A] fee-repayment order falls outside of . . . 'the margins of habeas,' because it is "not a serious restraint on . . . liberty as to warrant habeas relief." *Id.* (citations omitted).

The *Washington* court dismissed the fees claim due to the lack of subject matter jurisdiction, and did so without prejudice due to its petitioner's *pro se* status. *Id.* This Court will do the same with this claim.

### E. Prosecutor refusal to extend plea offer

Petitioner next says the prosecutor abused her discretion by not extending a plea offer when he would have taken one if offered. Unfortunately for Petitioner, the Supreme Court has long held there is no constitutional right to a plea bargain. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). "[A] defendant has no right to be offered a plea, nor a federal right that the judge accept it." *Missouri v. Frye*, 566 U.S. 134, 148–49 (2012) (citing *Weatherford*, *supra*); *Santobello v. New York*, 404 U.S. 257, 262 (1971)).

Petitioner cited *Weatherford* in his *pro se* brief and acknowledged the lack of a constitutional right to a plea bargain. *Coleman*, 2018 WL 6815123, at *10. There is no Supreme Court precedent that supports Petitioner's position, so the state court's denial of Petitioner's claim was reasonable. Petitioner is not entitled to relief.

### F. Biased juror

Petitioner argues that a juror should have been removed for cause, since the juror said after he was selected that he could not be fair to Petitioner because he was

11

aware Petitioner had a prior felony conviction for a felony similar to those with which he was charged. Trial Tr., 11/21/16, ECF No. 9-11, PageID.354. The state court of appeals reviewed the record and decided that after the juror was questioned, he "indicated that he could be fair and impartial, that he would follow the trial court's instructions, and that he understood that he had to make his decision in the case based on the witnesses' testimony and the trial exhibits." *Coleman*, 2018 WL 6815123, at *11.

"The Sixth Amendment grants criminal defendants '[a] right to a speedy and public trial, by an impartial jury[.]'" *Allen v. Mitchell*, 953 F.3d 858, 864 (6th Cir. 2020) (quoting U.S. Const. amend. VI). "When a juror's impartiality is at issue, the pertinent question is whether the juror swore 'that [she] could set aside any opinion [she] might hold and decide the case on the evidence,'" *Id.* (quoting *Patton v. Yount*, 467 U.S. 1025, 1036-38 (1984)) (alterations in original). *Allen* held that "[t]he trial court's resolution of these questions is a matter of historical fact which is entitled to a presumption of correctness under 28 U.S.C. § 2254(d)(2)." *Id.* "[D]eference must be paid to the trial judge who sees and hears the juror'"; as a result, "a trial court's finding of impartiality may be overturned only for 'manifest error.'" *Id.* (quoting *Wainwright v. Witt*, 469 U.S. 412, 423 (1985); *Hill v. Brigano*, 199 F.3d 833, 843 (6th Cir. 1999)). *Allen* observed that even in the presence of ambiguous voir dire responses, habeas courts must defer to the state trial courts "in the absence of clear record evidence to the contrary." 953 F.3d at 865.

Here, the trial court, the prosecution, and defense counsel all questioned the juror. ECF No. 9-11, PageID.355-57. The juror stated he "would have a hard time" if the prior felony was "a repeat." ECF No. 9-11, PageID.356. But after he was told he would

not be informed of the nature of the prior felony, the juror confirmed he had no bias against Petitioner. He said Petitioner's prior conviction would not prevent him from "rendering a just verdict or listening to the case." *Id.* at PageID.357.

The *Allen* court described the juror in its case as "certainly hesitant and sometime equivocal in her answers . . ." 953 F.3d at 865. However, it concluded that

> [w]ithout anything in the record clearly demonstrating [the juror's] inability to act impartially, or raising serious concerns about whether her statements of impartiality should be believed, we must defer to the trial court. *Wainwright*, 469 U.S. at 426, 105 S.Ct. 844. Indeed, in order to grant a writ, a habeas court must conclude that the trial court's credibility findings "lacked even fair support in the record." *Patton*, 467 U.S. at 1037, 104 S.Ct. 2885 (cleaned up). And [the juror] stated time and time again that she could be a fair and impartial juror. *See, e.g.*, *Miller v. Francis*, 269 F.3d 609, 618–19 (6th Cir. 2001) (noting that "the trial court cannot be faulted for not disqualifying for cause a juror who consistently says she thinks she can be fair").

*Id.*

The same is true here. The juror reiterated his ability to be impartial. ECF No. 9-11, PageID.355-56. Petitioner is not entitled to relief on this issue.

### G. Trial court conflict and bias

Petitioner's next claim of error is that his right to a fair trial was violated because the trial court had an interest in his case which created the potential for unconstitutional bias against him. Specifically, the trial court drew the case of *People v. English*, 317 Mich. App. 607 (2016) to counsel's attention, because it pertained to Petitioner's charges on the delivery of controlled substances in a school zone. Petitioner argues the trial court was "coaching the prosecutor how to proceed" on those charges. ECF No. 9-15, PageID.1084.

The Michigan Court of Appeals rejected this claim. *Coleman*, 2018 WL 6815123, at *12. It reasoned:

13

> [D]efendant's argument is premised on the trial court's citation of legal authority involving offenses with which defendant was charged. However, "[i]t is within the inherent power of a court, as the judicial body, to determine the applicable law in each case." *In re Finlay Estate*, 430 Mich. 590, 595, 424 N.W.2d 272 (1988); *see also People v. Anstey*, 476 Mich. 436, 451-454, 719 N.W.2d 579 (2006) (discussing "the court's inherent authority to instruct the jury on the law applicable to the case"); *People v. Henry*, 395 Mich. 367, 373-374, 236 N.W.2d 489 (1975) (stating that "it is the duty of the circuit judge to see to it that the case goes to the jury in a clear and intelligent manner, so that they may have a clear and correct understanding of what it is they are to decide, and he shall state to them fully the law applicable to the facts"). As our Supreme Court has explained, a contrary rule could produce absurd results, such as permitting parties to "force a court to apply laws that were in direct contravention to the laws of this state" or allowing parties to "stipulate to laws that were obsolete, overruled, or unconstitutional." *In re Finlay Estate*, 430 Mich. at 595, 424 N.W.2d 272. In accordance with these legal principles, it clearly was not improper for the trial judge in the instant case to independently ascertain the law applicable to the elements of a crime with which defendant had been charged. The trial court's citation of legal authority does not demonstrate deep-seated favoritism or antagonism, and defendant has thus failed to demonstrate that the trial judge was biased. [*People v.*] *Jackson*, 292 Mich. App. [583,] 598 [(2011)].

*Id.*

"Due process guarantees 'an absence of actual bias' on the part of a judge." *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016) (citing *In re Murchison*, 349 U.S. 133, 136 (1955)).; *see also Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997) ("[T]he Due Process Clause clearly requires a 'fair trial in a fair tribunal,' before a judge with no actual bias against the defendant or interest in the outcome of his particular case." (citations omitted). *Id.* "Judicial bias is a deep-seated favoritism or antagonism that makes fair judgment impossible." *Coley v. Bagley*, 706 F.3d 741, 750 (6th Cir. 2013) (citing *Mayberry v. Pennsylvania*, 400 U.S. 455, 465–66 (1971)). "A biased decision-maker is constitutionally unacceptable." *Id.* (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).

14

"To the extent defendant is claiming a denial of due process, the Supreme Court has recognized that "most matters relating to judicial disqualification [do] not rise to a constitutional level."" *United States v. Prince*, 618 F.3d 551, 561 (6th Cir. 2010) (quoting *Caperton v. A.T. Massey Coal Co.*, ––– U.S. –––, 129 S. Ct. 2252, 2259 (2009)) (internal quotation marks omitted). That is, is "matters of kinship, personal bias, state policy, remoteness of interest, would seem generally to be matters merely of legislative discretion." *Caperton*, 556 U.S. at 876 (quoting *Tumey v. Ohio*, 273 U.S. 510, 523 (1927)). Due process does require recusal when a judge has "'a direct, personal, substantial, pecuniary interest in a case.'" *Id*. (citation omitted). Recusal or disqualification is also required when, "as an objective matter, . . . 'the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable.'" *Id.* (citing *Withrow*, 421 U.S. at 47).

Here, the "interest" with which Petitioner charges the trial court judge is that the case she drew to the attorneys' attention affirmed a ruling she had made in a prior case. Trial Tr., 11/21/16, ECF No. 9-12, PageID.573. The trial court's reference to *English* does not present the types of interest that rise to the level of unconstitutional, actual bias or a due process violation. As the Michigan Court of Appeals noted, the trial court is charged with knowing and applying pertinent law. *Coleman*, 2018 WL 6815123, at *12. The court of appeals' decision came down shortly before trial, after the conclusion of pretrial motions in Petitioner's case. ECF No. 9-12, PageID.570. A discussion of recent case law that potentially applies to jury instructions was thus entirely within the court's authority.

"[A] habeas petitioner 'has the burden of establishing his right to federal habeas relief and of proving all facts necessary to show a constitutional violation.'" *Torres v. MacLaren*, 798 F. App'x 916, 920 (6th Cir. 2020) (quoting *Black v. Carpenter*, 866 F.3d 734, 744 (6th Cir. 2017)). Petitioner provided no other examples or theories to support bias on the trial court's part. In addition, Petitioner's only allegation of an improper interest concerns counts on which he was acquitted, Trial Tr., 11/23/16, ECF No. 9-13, PageID.676, and he has not shown this issue had any effect on his actual convictions. Petitioner has not overcome the presumptions of judicial impartiality and the judge's proper discharge of her duties, and has thus failed to demonstrate he was denied a fair trial because of any conflict or bias on the trial court's part.

## H. Felony firearm conviction obtained in violation of Fourth Amendment and against the great weight of the evidence

### 1. Fourth Amendment challenge

In his challenge to his felony firearm conviction, Petitioner argues probable cause that he possessed any weapons was not established, and therefore his felony-firearm conviction was obtained in violation of his Fourth Amendment rights. ECF No. 9-15, PageID.1087-88. The Michigan Court of Appeals ruled that the search warrant affiant's "aware[ness] that drug traffickers commonly keep weapons to protect their supply of drugs and proceeds" was a permissible application of a law enforcement officer's knowledge, training, and experience and was "sufficient to provide a substantial basis for finding probable cause . . ." *Coleman*, 2018 WL 6815123, at *13.

The state court relied on state precedent for its analysis, but numerous federal courts have upheld probable cause findings in similar circumstances. *See, e.g.*, *United States v. Raglin*, 663 F. App'x 409, 413 (6th Cir. 2016) (because weapons are

"reasonably related" to drug trafficking, even a search warrant that accidentally omitted the term "weapons" retained probable cause because it sought evidence related to the use or sale of "illegal narcotics"); *United States v. Kia*, 170 F. App'x 457, 461 (9th Cir. 2006) (affiant's "statement that, based on his training and experience, drug dealers frequently have firearms to protect themselves from being 'ripped off' by drug customers or other drug dealers established a sufficient nexus between narcotics trafficking and [defendant's] possession of weapon"); *see also United States v. Calhoun*, No. 18-20820, 2019 WL 3334567, at *5 (E.D. Mich. July 25, 2019) (Steeh, J.) (holding the Fourth Amendment's particularity requirement was not violated when an experienced law enforcement officer included in her affidavit that "drug traffickers sometimes maintain weapons in their residences and [other] locations . . . in order to safeguard their drugs and drug proceeds.")

The search warrant was adequate to establish probable cause for a search for firearms.

### 2. *Against the great weight of the evidence*

Petitioner's final argument, challenges his conviction as being "against the great weight of the evidence." This is a state law issue, and is not cognizable in habeas.

In Michigan, a motion for "a new trial may be granted if the verdict is against the great weight of the evidence." *People v. Lemmon*, 456 Mich. 625, 635 (1998). Because this is a state rule or law, "[a] federal habeas court . . . has no power to grant habeas relief on a claim that a state conviction is against the great weight of the evidence." *Cukaj v. Warren*, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *see also Nash v. Eberlin*, 258 F. App'x 761, 764 n.4 (6th Cir. 2007) (noting that "a manifest weight of the evidence

argument is a state law argument"). The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether the evidence was constitutionally sufficient to support the verdict. *Avery v. Horton*, No. 2:20-CV-12339, 2021 WL 2592958, at *2 (E.D. Mich. June 24, 2021) (Drain, J.) (citing *Dell v. Straub*, 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002)).

In his Standard 4 brief, Petitioner contends the prosecution's only evidence supporting his felony firearm conviction was a phone call in which he asked if "they look[] up under the bed" and "did they find them things?" Mich. Ct. App. Rec., ECF No. 9-15, PageID.1089. Petitioner argues "them things" did not refer to guns, but to a sum of money that went missing following the search. *Id.* at PageID.1090.

In rejecting Petitioner's argument, the court of appeals explained "possession can be actual or constructive[,]" and constructive possession may be found based on proximity and control. *Coleman*, 2018 WL 6815123, at *13 (citation omitted). The court found sufficient evidence to establish Petitioner's possession of the firearms:

> In this case, the evidence at trial showed more than just defendant being in close proximity to the place where the firearms were found during the search. When the search warrant was executed, defendant was the sole occupant of the bedroom where the firearms were discovered. They were hidden directly underneath him, between the mattress and the box spring, as he was on the bed. The discovery of pieces of mail addressed to defendant at 674 Palmer supported a finding that defendant lived in the home. Considering this evidence, especially the fact that the firearms were concealed directly beneath defendant when the officers entered the room, there was circumstantial evidence from which it could reasonably be concluded that defendant had constructive possession of the firearms.

*Id.* at *14.

A state court's factual determinations are presumed correct on federal habeas review, and a habeas petitioner may rebut this presumption only with clear and

18

convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Petitioner has not provided clear and convincing evidence to dispute the state court's factual findings, and this Court finds no basis to disrupt the presumption of correctness. Petitioner is not entitled to habeas relief on his felony firearm convictions.

IV. **Certificate of Appealability**

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted). Reasonable jurists would not find the Court's assessment of Petitioner's claims to be debatable or wrong. The Court therefore declines to issue a certificate of appealability.

V. **Conclusion**

The Court finds that Petitioner is not entitled to habeas relief. The petition for a writ of habeas corpus is dismissed with prejudice, except that Petitioner's excessive-fees claim is dismissed without prejudice. *Washington v. McQuiggin*, 529 F. App'x 766, 773 (6th Cir. 2013).

The Court denies a certificate of appealability.

Finally, if Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

s/ Victoria A. Roberts  
VICTORIA A. ROBERTS  
UNITED STATES DISTRICT JUDGE

Dated: 5/23/2023